**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES NASELLA, JR., | No. 13-56108 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02102-BEN-JMA |
| v. | |
| BARONA VALLEY RANCH RESORT AND CASINO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

James Nasella, Jr., appeals pro se from the district court's judgment

dismissing his action alleging breach of a Tribal Compact and a wrongful death

claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of subject matter jurisdiction and tribal sovereign immunity, *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002), and we affirm.

The district court properly dismissed Nasella's action for lack of subject matter jurisdiction because defendant was entitled to tribal sovereign immunity. *See C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe*, 532 U.S. 411, 418 (2001) ("[T]o relinquish its immunity, a tribe's waiver must be clear." (citation and internal quotation marks omitted)); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006) (tribal sovereign immunity bars an action brought against a tribal owned and operated casino).

We reject Nasella's contention that he has standing to bring claims under a tribal compact between California and the tribe.

**AFFIRMED.**